# In the United States Court of Federal Claims

| | |
|---|---|
| ANIS ATTIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES,<br><br>　　　　Defendant. | Nos. 20-1801C; 21-1203C<br>Filed May 12, 2025 |

Anis Attia, West New York, NJ, plaintiff, pro se.

Brittney M. Welch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Denying the Government's Motion for Reconsideration**

**I.    Introduction**

In March 2025, the court issued an order granting in part Mr. Attia's motion for judgment on the administrative record, granting in part the government's motion for judgment on the administrative record, and granting in part the government's motion to dismiss. ECF No. 85. The court determined that Mr. Attia is eligible for a tax gross-up for the additional federal taxes he owes as a result of receiving a lump-sum payment and remanded the case to the Defense Finance and Accounting Service (DFAS) to calculate the amount the government owes Mr. Attia in a federal tax gross-up. The court dismissed the remainder of Mr. Attia's claims.

The government moves for reconsideration of that order under this court's rule 54(b) with respect to the tax gross-up. The government states that the court erred in granting Mr. Attia a tax gross-up, arguing that (1) the United States has not waived sovereign immunity for tax gross-ups; (2) the Military Pay Act does not expressly provide for a gross-up as a remedy; (3) this court does

1

not have power over solely equitable matters, and a tax gross-up is an equitable matter; and (4) Mr. Attia fails to state a claim because his complaint lacks sufficient details to grant a tax gross-up.

The government's arguments regarding sovereign immunity and the Military Pay Act simply disagree with the court's reasoning, and the government has not shown that justice requires revisiting the decision to grant a tax gross-up. The government is correct that the court lacks general equity jurisdiction, but the court can grant equitable relief when it otherwise has jurisdiction. Here, Mr. Attia's back-pay claims were within the court's jurisdiction, and the court did not lose jurisdiction over his tax gross-up request when most of his other claims were resolved on remand. As for the government's argument that Mr. Attia has not proven the amount he is owed in a gross-up, the court remanded that question to DFAS to calculate the amount that Mr. Attia is due. Mr. Attia identifies the payments that he received in a lump sum, a record that DFAS also has, and DFAS can calculate the federal tax implications of that lump-sum payment as well as the federal tax implications of the alternative scenario, where Mr. Attia would have been paid over several years. Thus, the court will deny the government's motion for reconsideration.

**II.      Discussion**

Under this court's rules, a party may seek reconsideration of a judge's order. *See* Rules of the Court of Federal Claims (RCFC), Rules 54(b), 59, 60. When final judgment has been entered, Rules 59 and 60 govern the motion for reconsideration, and the moving party must show "extraordinary circumstances to justify relief." *Crews v. United States*, 424 F. App'x 937, 940-41 (Fed. Cir. 2011); *see also Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988).

For interlocutory orders and other orders that do not adjudicate all claims, a party may seek reconsideration under RCFC 54(b). *E&I Global Energy Services, Inc. v. United States*, 152 Fed. Cl. 524, 530 (2021); *see generally Exxon Corp. v. United States*, 931 F.2d 874, 878 (Fed. Cir.

1991). Unlike reconsideration of a final decision, the court has broad discretion to review its own decision under rule 54(b) and decide whether "justice requires" reconsideration. *E&I Global*, 152 Fed. Cl. at 532-33; *see Greene v. Union Mutual Life Insurance Co. of America*, 764 F.2d 19, 22 (1st Cir. 1985); *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015). Reconsideration under RCFC 54(b) has a lower bar than reconsideration under RCFC 59 or 60. *Cobell*, 802 F.3d at 25-26. But even under RCFC 54(b), the moving party "may not merely reassert arguments that were previously made and carefully considered by the court." *Boston Edison Company v. United States*, 156 Fed. Cl. 632, 637 (2021).

### A. Justice does not require revisiting the decision to grant Mr. Attia a tax gross-up

The government first argues that the court erred in granting Mr. Attia a tax gross up because the Tucker Act does not create substantive rights, and the Military Pay Act does not provide a tax gross-up as a remedy. ECF No. 86 at 3. The court addressed that argument (ECF No. 85 at 8-15), and the government has not shown that justice requires revisiting the decision. *See Boston Edison*, 156 Fed. Cl. at 637. The court explained that it can grant tax gross-ups in breach-of-contract cases involving a waiver of sovereign immunity (ECF No. 85 at 9-10) and that other courts have granted individuals tax gross-ups under other statutory schemes (*id*. at 10-13). While the Military Pay Act does not discuss a "gross-up," it provides that the Secretary will pay the "allowances, compensation, emoluments, or other pecuniary benefits" of claimants who are successful in having their records corrected. 10 U.S.C. § 1552(c)(1). Under the Military Pay Act, if there has been an error or injustice in a claimant's pay, the Secretary has a duty to provide compensation that "fully erase[s] such error or compensate[s] such injustice." *Caddington v. United States*, 178 F. Supp. 604, 631-32 (Ct. Cl. 1959); *see* ECF No. 85 at 12-13. The Military Pay Act does not limit the damages available to provide complete relief. ECF No. 85 at 9-10; 37 U.S.C. § 204; *see generally*

*Holley v. United States*, 124 F.3d 1462, 1465-66 (Fed. Cir. 1997). The government disagrees with the court's reasoning, but the government does not direct the court to different or persuasive authority that would suggest that justice requires revisiting the earlier decision.

The government also argues that the court erred in relying on out-of-circuit cases because the granting of gross-ups in those cases was based in equity, and this court does not have general equity jurisdiction. ECF No. 86 at 9-11. As the government acknowledges (*id.* at 3-4), and the court explained, although this court does not have general equity jurisdiction, it has broad equitable power once jurisdiction attaches. ECF No. 85 at 11-12 (citing *Turner Construction Co. v. United States*, 645 F.3d 1377, 1388 (Fed. Cir. 2011)). Because the court has jurisdiction over Mr. Attia's original requests for back pay, the court has the power to fashion an appropriate remedy, even if it includes equitable relief. *Turner*, 645 F.3d at 1377; *see Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10 (1983) (explaining that the complaint establishes jurisdiction). This court remanded Mr. Attia's cases more than once to allow the government to provide him back pay, a damage award that the government agrees is within this court's jurisdiction. After those remands, Mr. Attia still has not received the complete "relief afforded by the judgment," as the additional tax burden puts him in a worse position than he would be in had the government paid him correctly in the first place. 28 U.S.C. § 1491(a). Thus, remanding the case again to make Mr. Attia whole is appropriate.

> **B.    Mr. Attia has sufficiently shown that he is owed a tax gross-up, and the government can calculate the amount based on its own information and information it seeks from Mr. Attia**

Finally, the government argues that the court should dismiss Mr. Attia's claims because he failed to state a claim by not providing sufficient detail to support the amount he is owed in a gross-up. ECF No. 86 at 11-16. Mr. Attia has provided sufficient details.

Mr. Attia argued that he owes additional federal taxes because of receiving a lump-sum payment from the government. Mr. Attia requests a specific amount of money based on the tax burden of that lump-sum back pay. ECF No. 45 at 4-5. He identifies the years, taxable wages he should have received from the Army, and approximate total he would owe in income taxes had he been paid gradually over those years. For the foreign language benefit, Mr. Attia is less specific, but as of the time of his complaint he had not yet received payment for those claims and could not identify the specific impact of that payment on his taxes. ECF No. 45 at 6. Mr. Attia has since been paid, and DFAS withheld taxes from the payment, demonstrating that DFAS knows his tax burden on the lump sum. DFAS also knows how much the government owed Mr. Attia for each year of service, as it used those amounts to determine the lump sum to pay him. If DFAS does not already have Mr. Attia's tax forms for those years, it can request them from Mr. Attia to calculate the delta between the lump-sum tax burden and the tax burden spread out over the years. If DFAS is unable to locate the tax records it needs to calculate Mr. Attia's federal income tax, and Mr. Attia is unwilling to provide his tax documents for those years, then the government may reraise the issue later, after the case returns to this court from the remand.

These are the sorts of calculations DFAS makes routinely. Indeed, it made the same sorts of calculations in the earlier remands in this case, figuring out how much back pay it owed Mr. Attia based on his allegations. It can do the same thing here.

### III.   Conclusion

For the reasons stated above, this court **denies** the government's motion for reconsideration (ECF No. 86) of the court's order denying the government's motion to dismiss. Mr. Attia sought an extension of time (ECF No. 87) to respond to the government's motion for reconsideration, and the court **denies** that request as moot in light of this decision. The schedule from the court's order (ECF No. 85) remains in effect:  The government shall file a first status report by May 12, 2025.

ECF No. 85 at 19. The government may request from Mr. Attia any documentation it needs to complete the calculation of Mr. Attia's tax gross-up and shall describe those efforts in the scheduled status reports.

    **IT IS SO ORDERED.**

                                        <u>/s/ Molly R. Silfen</u>
                                        MOLLY R. SILFEN
                                        Judge